# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

FILED
Sep 21 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# CRIMINAL COVER SHEET

***Instructions:*** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.*

| | | | | |
|---|---|---|---|---|
| **CASE NAME:** USA V. BRENDAN JACY TATUM and JOSEPH HUFFAKER | | **CASE NUMBER:** CR 21-0374 MMC CR | | |
| **Is This Case Under Seal?** | Yes | No ✔ | | |
| **Total Number of Defendants:** | 1 | 2-7 ✔ | 8 or more | |
| **Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** | Yes | No ✔ | | |
| **Venue (Per Crim. L.R. 18-1):** | SF ✔ | OAK | SJ | |
| **Is this a potential high-cost case?** | Yes | No ✔ | | |
| **Is any defendant charged with a death-penalty-eligible crime?** | Yes | No ✔ | | |
| **Is this a RICO Act gang case?** | Yes | No ✔ | | |
| **Assigned AUSA (Lead Attorney):** Cynthia Frey, AUSA | | **Date Submitted:** 9-21-21 | | |
| **Comments:** | | | | |

RESET FORM    SAVE PDF

Form CAND-CRIM-COVER (Rev. 11/16)

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

BRENDAN JACY TATUM
and
JOSEPH HUFFAKER

CR 21-0374 MMC

DEFENDANT(S).

---

**FILED**

Sep 21 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## INDICTMENT

18 U.S.C. § 1951 – Conspiracy to Commit Extortion Under Color of Official Right;
18 U.S.C. § 1951 – Extortion Under Color of Official Right;
18 U.S.C. § 1519 – Falsifying Records in a Federal Investigation;
26 U.S.C. § 7201 – Tax Evasion;
18 U.S.C. §§ 924(d)(1), 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture;
18 U.S.C. § 2 – Aiding and Abetting

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this 21st day of

September, 2021.

Clerk

Magistrate Judge Sallie Kim

Bail, $ No Process

STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

FILED

Sep 21 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. BRENDAN JACY TATUM and JOSEPH HUFFAKER, Defendants. | CASE NO. CR 21-0374 MMC <br><br> VIOLATIONS: <br> 18 U.S.C. § 1951 – Conspiracy to Commit Extortion Under Color of Official Right; <br> 18 U.S.C. § 1951 – Extortion Under Color of Official Right; <br> 18 U.S.C. § 1519 – Falsifying Records in a Federal Investigation; <br> 26 U.S.C. § 7201 – Tax Evasion; <br> 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture; 18 U.S.C. § 2 – Aiding and Abetting <br><br> SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1. The City of Rohnert Park was a city located in Sonoma County, California, in the Northern District of California. The Rohnert Park Department of Public Safety ("RPDPS") was a department of the City of Rohnert Park. RPDPS consisted of a Police Services Patrol Division and Fire Services Division.

//

INDICTMENT

2. BRENDAN JACY TATUM ("TATUM") was employed with RPDPS between 2003 and 2018. Between July 2015 and August 20, 2017, and again after February 4, 2018, TATUM was a Public Safety Sergeant in the Police Services Patrol Division. Between August 20, 2017 and February 4, 2018, TATUM was assigned to the Fire Services Division.

3. JOSEPH HUFFAKER ("HUFFAKER") was employed as an officer with RPDPS between in or about 2012 and in or about 2019.

4. RPDPS had an "interdiction team," which operated between at least in or about 2014 through in or about 2017. The RPDPS interdiction team conducted traffic stops on vehicles in an effort to seize illegal drugs and its operations were in addition to the team members' normal duties. As such, the time spent on interdiction operations was considered overtime and interdiction team members were required to notate their time sheets accordingly.

5. TATUM and HUFFAKER were members of the RPDPS interdiction team and participated in the activities of the team at various times between 2015 and the end of 2016. In 2016, the team was headed by TATUM. In 2016, in addition to being in charge of the RPDPS interdiction team, TATUM also supervised RPDPS's Asset Forfeiture. The RPDPS interdiction team did not operate in conjunction with or in cooperation with any federal agencies, such as the United States Drug Enforcement Administration or the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in relation to drug interdiction.

6. The RPDPS interdiction team's operations were subject to the same policies and procedures in place for RPDPS in general, including policies and procedures relating to body camera usage, property and evidence packaging and destruction, asset seizure and forfeiture, and report writing, among others.

7. RPDPS reported that it began using body-worn cameras between 2015 and mid-2016. Use of body-worn cameras and the policies and procedures that were in place applied to all of RPDPS, including the interdiction team. Under those policies and procedures, body-worn cameras were required to be worn and activated when officers came into contact with citizens in the performance of their official duties. The body-worn camera was required to be activated and not be terminated until the contact had entirely concluded. Where the body-worn camera was not activated or was terminated prior

INDICTMENT 2

to contact entirely concluding, the officer was required to document the reasons for doing so. All digital media from body-worn cameras was required to be downloaded at the end of the officer's shift and securely stored.

8. Under RPDPS policies and procedures, all interdictions resulting in the seizure of narcotics and or other property or evidence, including cash, were required to be submitted to property/evidence and documented by an Evidence/Property Report and/or an Incident/Investigation Report, whether the activity related to a felony or misdemeanor. In cases where a narcotics seizure was made, but the subject disclaimed ownership of the narcotics, the seized narcotics nevertheless were required to be submitted to property/evidence; in such instances, RPDPS records systems referred to the narcotics "as found property." RPDPS generated case numbers sequentially regardless of the type of case. Those case numbers were used as a reference for other official documents, including Evidence/Property Reports, Chain of Custody documents, Incident/Investigation Reports, and Destruction Orders, among other things. Names associated with an Incident/Investigation Report were input in the RPDPS computer system and the date and time and user that inputted that data was reflected in the system. In addition, when a user was filling in the Incident/Investigation Report fields, such information was captured in the system as "audit details," which captured the name of the user inputting the data and date and time of input into the fields.

9. RPDPS had an asset forfeiture manual and policy that officers were required to follow. For seizures of cash, the Asset Forfeiture Manual required that the owner be provided with a notice of forfeiture. All cash seized was required to be booked into evidence with a currency envelope, with a total of the amount of cash, and a list of denominations. The currency was to be counted in the presence of two officers who were required to sign to verify the amount prior to the money being booked into the Evidence/Property room. A photocopy of the currency envelope was required to be attached to the police report.

10. At all relevant times, the destruction of narcotics seized by RPDPS required a destruction order signed by a judge in Sonoma County. Once ordered for destruction, the procedure in place was to take the narcotics to an incinerator operated by Covanta Stanislaus, located in Crows Landing, California. A property technician and a sworn officer would transport the items, provide Covanta with

INDICTMENT 3

an inventory of items to be incinerated, and witness the destruction. After destruction, Covanta provided proof of destruction, and the chain of custody for the evidence/property was updated by RPDPS property staff to include notes regarding the date and time of destruction. Alternate means of destruction was not authorized.

11. The RPDPS interdiction team's operations were terminated in approximately January 2017 and TATUM, HUFFAKER, and the other interdiction team officers were informed that the interdiction team's operations were terminated.

<u>The Scheme and Conspiracy to Extort Under Color of Official Right</u>

12. TATUM and HUFFAKER devised and executed a scheme to unlawfully extort under color of official right property from individuals on which they conducted traffic stops on United States Route 101. As part of the scheme, during the existence of the interdiction team TATUM acted alone. After termination of the interdiction team, in 2017, TATUM conspired with HUFFAKER to extort property under color of official right, claiming to be ATF agents, threatening to arrest drivers if they contested seizures of their property during these traffic stops, and then TATUM and HUFFAKER seized their property, specifically marijuana, without reporting or checking the seized property into evidence, or documenting or reporting the stop and seizure.

13. Specifically, in 2016, during the RPDPS interdiction team operations, TATUM, who at the time was an RPDPS Sergeant and head of the interdiction team, devised a plan and scheme to extort marijuana, and other property, under color of official right from numerous individuals he stopped with other interdiction team officers. TATUM did so by demanding marijuana and other property from individuals during traffic stops and, telling the property owners that he would let them go without an arrest or other formal process for their marijuana possession if they did not challenge the seizure of their property. Once he seized the property, TATUM would let them go without arresting or charging these individuals, without providing a citation with a notation of the property seized or asset forfeiture notice to the individuals, without filing an Incident/Investigation Report, without filing a Property/Evidence Report, including Found Property, without submitting the marijuana and other property into the custody of the property department, without submitting the necessary asset forfeiture documents to the City of

//

INDICTMENT 4

Rohnert Park, and without filing an application for a destruction order. For example, using the color of official right, and the method set forth above:

      a.     On August 25, 2016, TATUM and another RPDPS officer from the interdiction team (Officer 1), while on duty and on patrol, stopped Victim 1 (S.D.) on Highway 101 near Cloverdale, California and TATUM extorted approximately $3,700 in cash, as well as roughly 14 pounds of marijuana;

      b.     On or about September 2, 2016, TATUM and Officer 1, while on duty and in a police vehicle, stopped Victim 2 (T.M.) on Highway 101 near Cloverdale, California and TATUM extorted approximately 15 pounds of marijuana;

      c.     On October 4, 2016, TATUM and Officer 2, while on duty and in a police vehicle on patrol, stopped Victim 3 (J.D.) near Cloverdale and TATUM extorted approximately six pounds of marijuana;

      d.     On or about October 5, 2016, TATUM and Officer 2, while on duty and in a police vehicle on patrol, stopped Victim 4 (D.P.) near Cloverdale, California and TATUM extorted approximately two-and-a-half pounds of marijuana;

      e.     On or about December 6, 2016, TATUM and HUFFAKER, while on duty and in a police vehicle, stopped Victim 5 (J.K.) near Cloverdale and TATUM extorted approximately 20 pounds of marijuana; and

      f.     On or about December 30, 2016, TATUM and HUFFAKER, while on duty and in a police vehicle, stopped Victim 6 (M.E.) near Cloverdale and TATUM extorted approximately 2 pounds of marijuana.

In each of these stops, at least one officer activated his body-worn camera.

14. Between at least on or about December 5, 2017 and December 18, 2017, TATUM and HUFFAKER extorted significant quantities of marijuana from owners with consent that was induced through color of official right, declaring to the owners that they would seize their property, and at times threatening to arrest and charge the victims, while never in fact submitting the property to RPDPS or documenting the stop or seizure. In these instances, the officers were not on duty, did not have body-

worn cameras, were not in uniform and wore no indicia that they were from RPDPS, claimed to be ATF agents, and did not use a marked RPDPS police vehicle.

COUNT ONE: (18 U.S.C. § 1951 – Conspiracy to Commit Extortion Under Color of Official Right)

15. The factual allegations in Paragraphs 1 through 14 are re-alleged and incorporated as if fully set forth herein.

16. Beginning at a date unknown, but by at least on or about December 5, 2017 and continuing to a date unknown, but to at least on or about December 18, 2017 in the Northern District of California and elsewhere, the defendants,

BRENDAN JACY TATUM and
JOSEPH HUFFAKER,

did knowingly conspire to obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, defendants obtained property not due defendants or his office, from victims and others, with consent induced under color of official right.

The Conspiracy to Extort

17. After termination of the interdiction team's operations, between at least on or about December 5, 2017 and on or about December 18, 2017, TATUM and HUFFAKER, both while off-duty, and under color of official right, conspired to seize marijuana, and other property from numerous individuals they stopped, without arresting or charging these individuals, without providing a citation or asset forfeiture notice to the individuals, without filing an Incident/Investigation Report, without filing a Property/Evidence Report, without submitting the marijuana and other property into the custody of the property department, without submitting the necessary asset forfeiture documents to the City of Rohnert Park, and without filing an application for a destruction order.

The Manner and Means

18. The defendants carried out their conspiracy to extort alleged herein in the following manner and means, among others:

INDICTMENT 6

a. Using their position as public officials to seize things of value from their victims with the intent to convert them to their own use;

b. Obtaining consent to seize things of value from their victims in exchange for official action or inaction, specifically not charging or arresting their victims;

c. Not following official policies and procedures, including by not documenting their vehicle stops in which they seized things of value from their victims;

d. Converting property seized when acting as public officials to their own use;

e. Taking steps to hide, conceal, and cover up their activities, including falsifying police reports, and omitting references to these undocumented stops in reporting RPDPS interdiction team seizure statistics;

f. Falsely impersonating officers of an agency of the United States, such as the ATF; and

g. Concealing the seizures and their value, by selling the goods (namely marijuana) for cash and not reporting the amounts received.

### Overt Acts

19. In furtherance of the conspiracy, and to carry out its objects, TATUM, HUFFAKER, and others committed or caused to be committed the following overt acts, among others, in the Northern District of California and elsewhere:

a. On or about December 5, 2017, HUFFAKER and another individual conducted a traffic stop on Victim 7 in the Northern District of California;

b. During the December 5, 2017 stop of Victim 7, HUFFAKER falsely claimed to be an ATF agent;

c. During the December 5, 2017 stop of Victim 7, HUFFAKER threatened to arrest Victim 7 if he did not consent to the seizure of three pounds of marijuana that he possessed;

d. During the December 5, 2017, stop of Victim 7 HUFFAKER seized those three pounds of marijuana while failing to provide a citation or any other documentation related to the stop that would allow Victim 7 to contest the seizure;

INDICTMENT 7

e. On or about December 18, 2017, TATUM and HUFFAKER conducted a traffic stop on Victim 8 in the Northern District of California;

f. During the December 18, 2017 stop of Victim 8, TATUM and HUFFAKER falsely claimed to be ATF agents;

g. During the December 18, 2017 stop of Victim 8, TATUM and HUFFAKER threatened to arrest Victim 2 if he did not consent to the seizure of at least 23 pounds of marijuana that he possessed. Two California Highway Patrol ("CHP") officers drove up and observed part of the stop;

h. During the December 18, 2017 stop of Victim 8, TATUM and HUFFACKER seized those 23 pounds of marijuana while failing to provide a citation or any other documentation related to the stop that would allow Victim 8 to contest the seizure. Neither TATUM nor HUFFAKER submitted any records reflecting the stop or the marijuana seized;

i. Having been observed by two CHP officers during their stop on December 18, 2017, on or about December 19, 2017, TATUM and HUFFAKER submitted an Evidence/Property Report that indicated two 15-pound boxes of marijuana were submitted as "Found – for Destruction." The Report indicated that this property was collected by HUFFAKER on December 18, 2017. The 23 pounds of packaged and labeled marijuana seized on December 18, 2017 was taken by the defendants and 30 pounds of loose marijuana was submitted as "found property"; and

j. Between December 5, 2017 and February 20, 2018, TATUM and HUFFAKER took steps to hide, conceal, and cover up their activities, including by falsifying police reports.

All in violation of Title 18, United States Code, Section 1951.

COUNT TWO: (18 U.S.C. §§ 1951 and 2 – Extortion Under Color of Official Right)

20. The factual allegations in Paragraphs 1 through 19 are re-alleged and incorporated as if fully set forth herein.

INDICTMENT 8

21. On or about December 5, 2017, in the Northern District of California and elsewhere, the defendant

JOSEPH HUFFAKER

did knowingly obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951; that is, defendant obtained property not due defendant or his office, from Victim 7 (E.F.), with consent induced under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

COUNT THREE: (18 U.S.C. §§ 1951 and 2 – Extortion Under Color of Official Right)

22. The factual allegations in Paragraphs 1 through 21 are re-alleged and incorporated as if fully set forth herein.

23. On or about December 18, 2017, in the Northern District of California and elsewhere, the defendants,

BRENDAN JACY TATUM and
JOSEPH HUFFAKER,

did knowingly obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951; that is, defendants obtained property not due defendants or his office, from Victim 8 (B.L.) and others, with consent induced under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

COUNT FOUR: (18 U.S.C. §§ 1519 and 2 – Falsifying Records in a Federal Investigation)

24. On or about February 20, 2018, in the Northern District of California, and elsewhere, the defendant

BRENDAN JACY TATUM

knowingly concealed, covered up, falsified, and made false entries in Rohnert Park Department of Public Safety reports with the intent to impede, obstruct, and influence the investigation and proper administration of matters within the jurisdiction of the United States Department of Justice and the Federal Bureau of Investigation, and in relation to and contemplation of such matters, to wit, the

INDICTMENT 9

defendant used a case number and property report created on December 19, 2017 to make a false police report relating to an undocumented RPDPS vehicle stop and seizure on December 5, 2017, which was reported in the press on February 11, 2018.

All in violation of Title 18, United States Code, Sections 1519 and 2.

COUNT FIVE: (26 U.S.C. § 7201 – Tax Evasion)

25. From in or about January 2016 through in or about April 2017, in the Northern District of California and elsewhere, the defendant

BRENDAN JACY TATUM

a resident of Santa Rosa, California, willfully attempted to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2016, by committing the following affirmative acts, among others:

(a) preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service. On that form, TATUM reported and caused to be reported that his taxable income for the calendar year 2016 was $85,420 and that the tax due and owing for the calendar year 2016 was $12,890. In fact, as TATUM knew, his taxable income for the calendar year 2016 was greater than the amount reported on the tax return, and as TATUM knew and a result of such additional taxable income, there was substantial tax due and owing to the United States of America;

(b) concealing money by making cash deposits below $10,000 into his own account and the bank accounts controlled by his family members, for a total of $396,224 in cash deposits made in increments under $10,000; and

(c) using cash in the amount of $46,835 to purchase cashier's checks for the purchase of a Duckworth 30 Offshore fishing boat.

All in violation of Title 26, United States Code, Section 7201.

FORFEITURE ALLEGATION: (18 U.S.C. §§ 924(d)(1), 981(a)(1)(C) and 28 U.S.C. § 2461(c))

26. The allegations contained Paragraphs 1 through 25 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the

provisions of Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

27. Upon conviction for the offenses alleged in Counts One, Two, and Three of this Indictment, the defendants,

BRENDAN JACY TATUM and<br>JOSEPH HUFFAKER,

shall forfeit to the United States pursuant to 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C) and 28 U.S.C. § 2461(c) any firearm or ammunition involved in or used in that violation, and all property, real or personal, constituting or derived from proceeds the defendant obtained, directly and indirectly, as the result of that violation, including, but not limited to, the following:

    a. Money Judgment: a sum of money equal to the total gross proceeds obtained as a result of the offense; and

    b. any firearm or ammunition involved in or used in that violation.

28. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

any and all interest the defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

//
//
//
//
//

All pursuant to Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 9/21/21

A TRUE BILL.

/s/

_____
FOREPERSON

STEPHANIE M. HINDS
Acting United States Attorney

/s/ Cynthia Frey
_____
CYNTHIA FREY
Assistant United States Attorney

INDICTMENT 12

# AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1951 – Conspiracy to Commit Extortion Under Color of Official Right;
18 U.S.C. § 1951 – Extortion Under Color of Official Right;
18 U.S.C. §§ 924(d)(1), 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture; 18 U.S.C. § 2 – Aiding and Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Please see attachment

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**
▶ JOSEPH HUFFAKER

DISTRICT COURT NUMBER
CR 21-0374 MMC

**FILED**
Sep 21 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
**FBI and IRS**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.
3-21-70422 MAG

Name and Office of Person Furnishing Information on this form: **Stephanie M. Hinds**
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): **Cynthia Frey, AUSA**

## DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Bail Amount: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____ Before Judge: _____

Comments:

# PENALTY SHEET ATTACHMENT
# JOSEPH HUFFAKER

**Count 1:** 18 U.S.C. § 1951 – Conspiracy to Commit Extortion Under Color of Official Right

**Maximum Penalties**: (1) 20 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine; (4) $100 Special Assessment

**Count 2:** 18 U.S.C. § 1951 – Extortion Under Color of Official Right

**Maximum Penalties**: (1) 20 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine; (4) $100 Special Assessment

**Count 3:** 18 U.S.C. § 1951 – Extortion Under Color of Official Right

**Maximum Penalties**: (1) 20 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine; (4) $100 Special Assessment

**Forfeiture:** 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C) and 28 U.S.C. § 2461(c)

# AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

### OFFENSE CHARGED

18 U.S.C. § 1951 – Conspiracy to Commit Extortion Under Color of Official Right;
18 U.S.C. § 1951 – Extortion Under Color of Official Right;
18 U.S.C. § 1519 – Falsifying Records in a Federal Investigation;
26 U.S.C. § 7201 – Tax Evasion;
18 U.S.C. §§ 924(d)(1), 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture; 18 U.S.C. § 2 – Aiding and Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**PENALTY:** Please see attachment

### DEFENDANT - U.S

▶ BRENDAN JACY TATUM

**DISTRICT COURT NUMBER**
CR 21-0374 MMC

**FILED**
Sep 21 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

### PROCEEDING

**Name of Complaintant Agency, or Person (& Title, if any)**
FBI and IRS

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
3-21-70422 MAG

**Name and Office of Person Furnishing Information on this form** Stephanie M. Hinds
☒ U.S. Attorney ☐ Other U.S. Agency

**Name of Assistant U.S. Attorney (if assigned)** Cynthia Frey, AUSA

### DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____ Before Judge: _____

Comments:

PENALTY SHEET ATTACHMENT
BRENDAN JACY TATUM

**Count 1:** 18 U.S.C. § 1951 – Conspiracy to Commit Extortion Under Color of Official Right

**Maximum Penalties**: (1) 20 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine; (4) $100 Special Assessment

**Count 3:** 18 U.S.C. § 1951 – Extortion Under Color of Official Right

**Maximum Penalties**: (1) 20 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine; (4) $100 Special Assessment

**Count 4:** 18 U.S.C. § 1519 – Falsifying Records in a Federal Investigation

**Maximum Penalties**: (1) 20 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine; (4) $100 Special Assessment

**Count 5:** 26 U.S.C. § 7201 – Tax Evasion

**Maximum Penalties**: (1) 5 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $100,000 fine; (4) $100 Special Assessment

**Forfeiture:** 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C) and 28 U.S.C. § 2461(c)